## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------------

ROBERT LAWLER                                          :
1067 Peaceful Lane                                     :     CIVIL NO. _____
Hatfield, PA 19440                                     :
                                                       :     **JURY TRIAL DEMANDED**
                        Plaintiff,                     :
                                                       :
            v.                                         :
                                                       :
OLDCASTLE APG NORTHEAST, INC.                          :
800 Uhler Road                                         :
Easton, PA 18040                                       :
                                                       :
                        Defendant.                     :

-------------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff Robert Lawler ("Plaintiff"), by and through his undersigned attorney, for his

Complaint against Defendant, Oldcastle APG Northeast, Inc. ("Defendant"), alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this Complaint contending that Defendant has improperly failed to

pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq*., Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §

333, *et seq*., and New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*

Specifically, Plaintiff contends that Defendant unlawfully misclassified him as exempt from

overtime compensation under the FLSA, PMWA, and NJWHL, thus failing to pay him overtime

compensation for all hours worked over forty (40) in a workweek.

## PARTIES

2.      Plaintiff Robert Lawler is a citizen of the United States and Pennsylvania, and

currently maintains a residence at 1067 Peaceful Lane, Hatfield, PA 19440.

3.      Defendant Oldcastle APG Northeast, Inc. is a for-profit corporation organized and existing under the laws of the State of Maryland with a headquarters and principal place of business within this judicial district at 800 Uhler Road, Easton, PA 18040.

4.      Defendant is an "employer" covered by the FLSA.

5.      Defendant is a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

6.      During the course of his employment with Defendant, Plaintiff was engaged in commerce within the meaning of the FLSA.

7.      Plaintiff was employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

8.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

9.      This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

10.     This Court has general personal jurisdiction over Defendant because, *inter alia*, Defendant is registered to do business within the Commonwealth of Pennsylvania.  See 42 Pa. Cons. Stat. § 5301(a)(2)(i) ("qualification as a foreign corporation" permits Pennsylvania courts

2

to "exercise general personal jurisdiction" over such entities); Mallory v. Norfolk S. Ry., 600 U.S. 122, 132-139 (2023).

11.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his FLSA claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein.

## FACTUAL ALLEGATIONS

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     Plaintiff began his employment with Defendant on or around October 26, 2020, after Defendant acquired his employer at the time, EP Henry Corporation.

16.     At the time, Plaintiff was working as a Wet Cast Operations Manager at EP Henry Corporation's wet cast concrete facility in Wrightstown, NJ.

17.     As part of ongoing company realignment and restructuring efforts, in August 2024, Plaintiff was transferred from Defendant's Wrightstown wet cast facility to Defendant's nearby dry cast concrete facility, also in Wrightstown, NJ.

18.     Meanwhile, Defendant's Wrightstown wet cast facility eventually halted production operations by the end of 2024 and was officially shut down in February 2025.

19.     Although Plaintiff's job title remained the same, Plaintiff no longer performed any managerial or operational duties following his transfer to the dry cast facility.

3

20.     In this regard, in his role as Operations Manager at Defendant's Wrightstown, NJ dry cast facility, Plaintiff had no direct reports, did not supervise or direct the work of other employees, and had no authority over hiring, firing, discipline, or personnel status changes, nor did he make recommendations regarding the same to which Defendant lent significant weight.

21.     Instead, Plaintiff's work duties at Defendant's Wrightstown, NJ dry cast facility were production-oriented and technical in nature, with him performing hands-on mechanical work and manual labor.

22.     Plaintiff continued in this role until August 2025, when he accepted an internal transfer to Defendant's dry mix facility in Bristol, PA, where he was hired as Plant Manager.

23.     Although Plaintiff was initially led to believe this new role would be more managerial in nature (i.e. more like his original position at the Wrightstown wet cast facility), his job duties turned out to be effectively the same as they had been at the dry cast facility.

24.     In this regard, in his role as Plant Manager at Defendant's Bristol, PA facility, Plaintiff has no direct reports, does not supervise or direct the work of other employees, and has no authority over hiring, firing, discipline, or personnel status changes, nor does he make recommendations regarding the same to which Defendant lends significant weight.

25.     Instead, Plaintiff effectively works as a production supervisor under the Site Manager, Albert Gray, performing hands-on work including, but not limited to, forklift and bobcat operation, technical/mechanical troubleshooting, and production line reconfiguration.

26.     As Operations Manager at Defendant's Wrightstown, NJ dry cast facility, and as Plant Manager at Defendant's Bristol, PA facility, Plaintiff typically worked/works approximately sixty (60) or more hours per week.

27.     Nevertheless, in both capacities, Plaintiff received only a salary, with no overtime compensation for the significant amount of overtime he worked.

28.     For example, during the week of July 13, 2026 to July 19, 2026, Plaintiff worked approximately seventy-six (76) hours at Defendant's Bristol, PA facility, but received no overtime compensation for the approximately thirty-six (36) hours of overtime he worked that week.

29.     By way of another example, during the week of June 23, 2025 to June 29, 2025, Plaintiff worked approximately sixty-six (66) hours at Defendant's Wrightstown, NJ dry cast facility, but received no overtime compensation for the approximately twenty-six (26) hours of overtime he worked that week.

30.     Plaintiff's primary job duties did not include the performance of non-manual or office work requiring advance knowledge and the consistent exercise of discretion and judgment.

31.     Plaintiff did not have the authority to commit Defendant in matters having significant financial impact, nor did he have the authority to negotiate or otherwise bind Defendant with respect to matters of significance.

32.     Plaintiff's positions of Operations Manager and Plant Manager did not/do not require an advanced degree in a relevant field of science or learning.

33.     Indeed, Plaintiff's highest level of education is a Bachelor's degree in business.

34.     Accordingly, Plaintiff did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA, PMWA, or NJWHL.

35.     Moreover, as stated above, Plaintiff did not have any direct reports or exercise any supervisory or managerial authority.

36.     Accordingly, Plaintiff did not qualify for the exemption for executive employees under the FLSA, PMWA, or NJWHL.

37.     Finally, there are no other exemptions under the FLSA, PMWA, or NJWHL which could arguably be applicable to Plaintiff.

38.     Defendant had knowledge that Plaintiff was working well beyond forty (40) hours per week without receiving overtime compensation.

39.     Defendant unlawfully misclassified Plaintiff "exempt" from the overtime requirements of the FLSA, PMWA, and NJWHL.

40.     Plaintiff was, within the meaning of the FLSA, PMWA, and NJWHL, a non-exempt employee of Defendant.

41.     Defendant failed to pay Plaintiff at a rate of 1.5 times his regular rate of pay for each hour he worked in excess of forty (40) hours in a work week.

42.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

43.     Paragraphs 1 through 42 are hereby incorporated by reference as though the same were fully set forth at length herein.

44.     Pursuant to Section 207(a)(1) of the FLSA, non-exempt employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

45.     According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week.

46.     Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA.

47.     In fact, Plaintiff was only paid the same weekly salary, regardless of the number of hours actually worked.

48.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

49.     Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

50.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff for compensable hours worked over forty (40) hours in a workweek;

B.     Awarding Plaintiff unpaid overtime compensation in an amount consistent with the FLSA;

C.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.     Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.      Awarding pre- and post-judgment interest and court costs as further allowed by law; and

F.      Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

51.     Paragraphs 1 through 50 are hereby incorporated by reference as though the same were fully set forth at length herein.

52.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

53.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

54.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

55.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

8

B.      An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.      An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**NEW JERSEY WAGE AND HOUR LAW**
**N.J.S.A. § 34:11-56a, et seq.**
**FAILURE TO PAY OVERTIME COMPENSATION**

56.     Paragraphs 1 through 55 are hereby incorporated by reference as though the same were fully set forth at length herein.

57.     The NJWHL provides that an employer must pay certain minimum wages, including overtime wages, to its employees. See N.J.S.A. 34:11-56a4.

58.     The NJWHL further provides that employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over 40 in a workweek. See N.J.S.A. 34:11-56a4.

59.     By its actions alleged above, Defendant has violated the provisions of the NJWHL by failing to properly pay overtime compensation to Plaintiff.

60.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to the NJWHL.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.      Awarding Plaintiff unpaid overtime compensation in an amount consistent with the NJWHL;

9

B.      Awarding Plaintiff liquidated damages in accordance with the NJWHL;

C.      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the NJWHL;

D.      Awarding pre- and post-judgment interest and court costs as further allowed by law; and

E.      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     /s/ Michael Groh
Michael Murphy, Esq.
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: July 30, 2026

## **<u>DEMAND TO PRESERVE EVIDENCE</u>**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.